# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO.:

TONYA OKAFOR,

     Plaintiff,

v.

INFUSERVE AMERICA, INC.,
a Florida Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF REQUESTED
## DECLARATORY RELIEF REQUESTED

Plaintiff, TONYA OKAFOR ("Ms. Okafor" or "Plaintiff"), by and through

the undersigned counsel, files this Complaint against Defendant, INFUSERVE

AMERICA, INC. ("INFUSERVE" or "Defendant"), a Florida Profit Corporation,

and alleges as follows:

1.     Plaintiff brings this action for interference and retaliation in violation

of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the

FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"),

and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from

Defendant back pay, an equal amount as liquidated damages, other monetary

damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Defendant is a Florida profit corporation that is located and does business in St. Petersburg, Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendant in Pinellas County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce

which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.    At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from serious health conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10.    Plaintiff is a disabled female.  At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

a.    Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

b.    Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11.    Defendant was at all times relevant an "employer" as envisioned by the ADA as well as $ 760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12.     On or around October 15, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against INFUSERVE.

13.     More than 180 days have passed since the filing of the Charge of Discrimination.

14.     On June 15, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

16.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17.     Plaintiff worked for INFUSERVE as, among other roles, a Paralegal, Human Resources Representative, and Compliance Officer, from January 14, 2019, until her termination on May 22, 2020.

18.     Ms. Okafor suffers disabilities and serious health conditions pre-dating her employment with INFUSERVE, specifically organ removal of her spleen,

gallbladder, and one of her kidneys, with resulting compromised renal and internal organ functionality, and compromised immune system.

19.     On March 17, 2020, Ms. Okafor's INFUSERVE co-workers informed her that INFUSERVE's Owner and President, David Kazarian, had possibly exposed himself to the then-raging coronavirus/COVID-19 pandemic on a trip to Colorado the previous week.

20.     Ms. Okafor was immediately concerned, as she had conferred with Mr. Kazarian directly at her desk on March 16, 2020, and on March 17, 2020.

21.     Because Ms. Okafor's disabilities and serious health conditions put her in a high-risk category with respect to COVID-19, Ms. Okafor visited a nearby urgent care facility on March 17, 2020.

22.     The urgent care physician at BayCare Urgent Care in New Port Richey, Florida, advised Ms. Okafor to self-quarantine until her test results came back.

23.     Ms. Okafor immediately disclosed her disabilities and serious health conditions to INFUSERVE, and advised INFUSERVE that she had been tested, and that she had been advised to self-quarantine.

24.     On March 18, 2020, INFUSERVE set Ms. Okafor up to work from home, with access to whatever she needed to successfully accomplish her work-related tasks.

25.     INFUSERVE did not, however, advise her of her rights and responsibilities under the FMLA, or provide her FMLA paperwork, in response to her disclosures.

26.     INFUSERVE's failure to do so constituted unlawful FMLA interference.

27.     Ms. Okafor worked from home without incident until March 27, 2020.

28.     On March 30, 2020, Ms. Okafor reported to work on INFUSERVE's premises.

29.     That same day, March 30, 2020, INFUSERVE Supervisor Anthony Wolfinbarger instructed Ms. Okafor to go back home and to continue working from home, due to it being dangerous for her to be working on INFUSERVE's premises.

30.     Ms. Okafor complied with Mr. Wolfinbarger's instructions, after confirming same with her direct INFUSERVE Supervisor, Ryan Quigley, and arranging for mail pickup.

31.     During this time period, two other INFUSERVE employees were being permitted to work from home, and, like Ms. Okafor, did so without incident.

32.     Nevertheless, on April 6, 2020, Mr. Quigley called Ms. Okafor on the telephone and demanded, without explanation, that she resume working full-time on INFUSERVE's premises.

33.     In response, Ms. Okafor objected that INFUSERVE's refusal to provide her the reasonable, non-burdensome accommodation of working from home like her INFUSERVE co-workers were doing without controversy constituted unlawful retaliation in violation of the ADA and the FCRA.

34.     Ms. Okafor's objections constituted protected activity under the ADA and the FCRA.

35.     Also in response, Ms. Okafor again disclosed her disabilities and serious health conditions to Mr. Quigley, and asked if she needed to provide another note from a physician confirming her immunocomprised, high-risk status, and the advantageousness for her of continuing to work from home.

36.     In response to Ms. Okafor's disclosures, INFUSERVE again failed to inform Ms. Okafor of her rights and responsibilities under the FMLA, or of her rights under the Families First Coronavirus Response Act ("FFCRA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), or to provide her with FMLA paperwork.

37.     INFUSERVE's failure to do so constituted unlawful FMLA interference.

38.     Very shortly thereafter, Ms. Okafor provided INFUSERVE another note from her treating physician recommending that she work from home if possible due to her disabilities and serious health conditions.

39.     Ms. Okafor also informed Mr. Quigley that she had a follow-up appointment scheduled with her treating physician on May 8, 2020, at which time her work-from-home status would be re-evaluated.

40.     Unsatisfied that the follow-up medical appointment was several weeks in the future, Mr. Quigley officiously placed Ms. Okafor on unpaid administrative leave commencing April 9, 2020, again failing to inform Ms. Okafor of her rights and responsibilities under the FMLA and extended benefits under the FFCRA/EFMLEA, or to provide her FMLA paperwork.

41.     Ms. Okafor attended her follow-up medical appointment on May 8, 2020, and received a note from her treating physician recommending that she continue to quarantine at home through at least May 22, 2020.

42.     Ms. Okafor submitted her physician's note to INFUSERVE that same day, May 8, 2020.

43.     INFUSERVE responded to Ms. Okafor by demanding without justification that she visit one of INFUSERVE's workers' compensation physicians, whose specialty of orthopedics was of little relevance to Ms. Okafor's immune deficiencies, for a diagnosis.

44.     INFUSERVE threatened to place Ms. Okafor on unpaid sick leave if she refused to visit and receive a diagnosis from INFUSERVE's workers' compensation orthopedist.

45.    In response, Ms. Okafor objected that INFUSERVE's actions constituted unlawful interference in violation of the FMLA, and unlawful retaliation in violation of the FMLA, the ADA, and the FCRA, and further advised INFUSERVE that the extended benefits of the FFCRA and EFMLEA required INFUSERVE to compensate her for a minimum of two (2) weeks' pay.

46.    On May 11, 2020, INFUSERVE informed Ms. Okafor via email that INFUSERVE was placing her on paid sick leave.

47.    On May 22, 2020, Ms. Okafor attended another follow-up medical appointment with her treating physician.

48.    Ms. Okafor's treating physician provided her with a note recommending another two (2) weeks of working from home and quarantining.

49.    Ms. Okafor provided this note to INFUSERVE that same day, May 22, 2020.

50.    Later that same day, Mr. Quigley informed Ms. Okafor via email that INFUSERVE had decided to terminate her employment, effective immediately.

51.    Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Okafor notifying INFUSERVE of her serious health conditions, and in retaliation for Ms. Okafor's need to utilize unpaid leave pursuant to the FMLA/EFMLEA in order to address same, and in retaliation for her objections to Defendant's violations of law.

52.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

53.     Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA/EFMLEA interference and retaliation, and retaliation for Plaintiff's objections to Defendant's violations of law.

54.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA/EFMLEA.

55.     The timing of Plaintiff's attempted use of what should have been protected FMLA/EFMLEA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by INFUSERVE.

56.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her attempted utilization of what should have been protected FMLA/EFMLEA leave.

57.     Plaintiff's discharge was for pretextual, retaliatory, and discriminatory reasons, including, but not limited to, her objections to Defendant's conduct in not taking prompt remedial measures to alleviate disability discrimination and retaliation and FMLA interference and retaliation as the law requires.

58.     Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

59.    Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

60.    The timing of Plaintiff's termination makes the causal connection between her attempted use of FMLA leave, her request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

61.    As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

62.    The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

63.    INFUSERVE was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

64.    "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

65.    An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose

an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

66.   Ms. Okafor is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job.

67.   Allowing Ms. Okafor to continue to work from home for the period of time recommended by her treating physician, during a time when co-workers were permitted to work from home, would have been a reasonable accommodation.

68.   This accommodation would have imposed no undue hardship on INFUSERVE.

69.   INFUSERVE, however, being well aware of Plaintiff's conditions, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

70.   In reality, Defendant's discharge of Ms. Okafor stemmed from its discriminatory animus toward her disclosure of her disabilities and serious health conditions, which should have initiated protected FMLA leave, and her from her disclosure of her need for accommodation under the ADA/FCRA.

71.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

72.    In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Okafor based solely upon her disabilities.

73.    At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

74.    Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

75.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

76.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

77.    Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

78.    Ms. Okafor was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is a protected class member as envisioned by the ADA and the FCRA.

79.    Ms. Okafor suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

80.    As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

81.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

82.    INFUSERVE lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

83.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA/EFMLEA

84.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 32, 35 through 61, 69 through 70, and 80 through 83, above, as if fully set forth in this Count.

85.    At all times relevant hereto, Plaintiff was protected by the FMLA.

86.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

87.    At all times relevant hereto, Defendant interfered with Plaintiff by failing to inform her of her rights and responsibilities under the FMLA and to provide her FMLA paperwork upon her disclosure of her serious health conditions, by voicing displeasure about Plaintiff's attempted use of what should have been protected FMLA leave, by forcing her onto unpaid administrative leave and, later, onto paid sick leave, by attempting to force her to treat with Defendant's workers' compensation orthopedist, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

88.    At all times relevant hereto, Plaintiff was protected by the EFMLEA due to her serious health conditions and compromised immune system and her physician's order to self-quarantine due to concerns related to COVID-19.  *See* 29 C.F.R. § 826.20.

89.    At all times relevant hereto, Plaintiff was protected from interference under the EFMLEA.

90.    At all times relevant hereto, Defendant interfered with Plaintiff by voicing displeasure about Plaintiff's attempted utilization of what should have been protected EFMLEA leave, by failing to inform her of her rights and responsibilities under the EFMLEA and to provide her FMLA paperwork upon her disclosure of her serious health conditions, by forcing her onto unpaid administrative leave and, later,

onto paid sick leave, and by refusing to allow Plaintiff to exercise her EFMLEA rights freely.

91.     Defendant's violation of the EFMLEA also constitutes interference in violation of the FMLA. *See* 29 C.F.R. § 826.151.

92.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA/EFMLEA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

93.     As a result of Defendant's willful violation of the FMLA/EFMLEA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA/EFMLEA

94.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 9, 15 through 32, 35 through 61, 69 through 70, and 80 through 83, above, as if fully set forth in this Count.

95.     At all times relevant hereto, Plaintiff was protected by the FMLA.

96.   At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

97.   At all times relevant hereto, Defendant retaliated against Plaintiff by placing her on unpaid administrative leave, by placing her on paid sick leave, and by terminating her employment for disclosing her serious health conditions, for applying or attempting to apply for FMLA leave, and for utilizing or attempting to utilize what should have been FMLA-protected leave.

98.   Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

99.   At all times relevant hereto, Plaintiff was protected by the EFMLEA due to her serious health conditions and compromised immune system and her physician's order to self-quarantine due to concerns related to COVID-19.  *See* 29 C.F.R. § 826.20.

100.   At all times relevant hereto, Plaintiff was protected from retaliation under the EFMLEA.

101.   At all times relevant hereto, Defendant retaliated against Plaintiff by voicing displeasure about Plaintiff's attempted utilization of what should have been protected EFMLEA leave, by placing her on unpaid administrative leave, by placing her on paid sick leave, and by terminating her employment for disclosing her serious

health conditions, for applying or attempting to apply for EFMLEA leave, and for utilizing or attempting to utilize what should have been protected leave, and by refusing to allow Plaintiff to exercise her EFMLEA rights freely.

102. Defendant's violation of the EFMLEA also constitutes retaliation in violation of the FMLA. *See* 29 C.F.R. § 826.151.

103. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA/EFMLEA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

104. As a result of Defendant's willful violations of the FMLA/EFMLEA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

<u>**COUNT III**</u>
<u>**DISCRIMINATION UNDER THE ADA BASED ON DISABILITY**</u>

105. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 24, 27 through 35, 38 through 53, 55, 57 through 60, 62 through 81, and 83, above, as if fully set forth in this Count.

106.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

107.   The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

108.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

109.   Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

110.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

111.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

112.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

113.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 24, 27 through 35, 38 through 53, 55, 57 through 60, 62 through 81, and 83, above, as if fully set forth in this Count.

114.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

115.   The discrimination to which Plaintiff was subjected was based on her disability, or "perceived disability."

116.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

117. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

118. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

119. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA
## BASED ON DISABILITY

120. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 24, 27 through 35, 38 through 53, 55, 57 through 60, 62 through 81, and 83, above, as if fully set forth in this Count.

121. Plaintiff was terminated within close temporal proximity of her requests for accommodation and her objections to Defendant that she felt she was being discriminated against based on her disabilities.

122.   Plaintiff's objections constituted protected activity under the ADA.

123.   Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

124.   Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

125.   Defendant's stated reasons for Plaintiff's termination are a pretext.

126.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

127.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

128.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

129.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her

costs and attorneys' fees, declaratory and injunctive relief, and such other and further

relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

130.   Plaintiff reincorporates and readopts all allegations contained within

Paragraphs 1 through 7, 10 through 24, 27 through 35, 38 through 53, 55, 57 through

60, 62 through 81, and 83, above, as if fully set forth in this Count.

131.   Plaintiff was terminated within close temporal proximity of her

requests for accommodation and her objections to Defendant that she felt she was

being discriminated against based on her disabilities.

132.   Plaintiff's objections constituted protected activity under the FCRA.

133.   Plaintiff was terminated as a direct result of her objections to what she

reasonably believed to be disability discrimination.

134.   Plaintiff's objections to Defendant's illegal conduct, and her

termination, are causally related.

135.   Defendant's stated reasons for Plaintiff's termination are a pretext.

136.   The conduct of Defendant and its agents and employees proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

137.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

138.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

139.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 19th  day of August, 2021.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
 E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*